Gibson, J.,
dissenting. Doughty v. Maxwell, Warden (decided February 24,1964), 11 L. Ed (2d), 650, 84 S. Ct., 702, when read in the light of Gideon v. Wainwright, Dir. (1963), 372 U. S., 335, 9 L. Ed. (2d), 799, 83 S. Ct., 792, and Carnley v. Cochran, Dir. (1962), 369 U. S., 506, 8 L. Ed. (2d), 70, 82A S. Ct., 884, should make abundantly clear that relief in habeas corpus is to be allowed where an indigent defendant charged with and convicted of a felony was not offered counsel.
Gideon v. Wainwright, supra, enunciates the constitutional doctrine that the provision of the Sixth Amendment guaranteeing that in a criminal prosecution the accused shall enjoy the right to have the assistance of counsel for his defense, as one *70 of the fundamental rights essential to a fair trial, is obligatory upon the states by virtue of the Fourteenth Amendment. Clearly, the trial and conviction, without counsel, of an indigent accused of a felony violates the United States Constitution. Inescapably, the conviction of an indigent accused on a plea of guilty without counsel, as here, also violates constitutional rights.
The issues in the case at bar are: (1) Was the petitioner offered counsel, and (2), if so, did he intelligently and understandingly reject the offer, thereby waiving his constitutional right to counsel. The petitioner testified, as the majority opinion indicates, that he was asked to plead without any explanation of his rights or offer of counsel. The state offered no evidence other than cross-examination of petitioner as to his prior record, which showed one felony conviction, and the trial court’s journal, which recited that petitioner was informed of his constitutional rights but without specifying the constitutional rights about which he was informed.
On the basis of the foregoing evidence and the existence of Section 2941.50, Revised Code, which provides that the court “shall” assign • counsel for an indigent accused, and Section 2937.02, Revised Code, which requires that the accused must be informed of his right to counsel, the majority apparently invokes the presumption of regularity of legal proceedings to reach an ostensible conclusion that petitioner was in fact offered counsel and in fact waived his right thereto by rejection. Such a conclusion on the basis of the factual evidence seems to be directly contrary to the rule of Carnley v. Cochran, supra, where Mr. Justice Brennan, at page 516, said: “* * * Presuming waiver from a silent record is impermissible. The record must show, or there must be an allegation and evidence which show, that an accused was offered counsel but intelligently and understandingly rejected the offer. Anything less is not waiver.”
This court’s assumption that the trial court complied with the above-cited statutory requirements may satisfy the legalism that judicial proceedings are presumed to be regular. Although it may be proper to invoke the presumption of regularity for the purpose of meeting statutory requirements, I doubt the efficacy of such a presumption, where constitutional rights of one accused of a felony are involved. In my opinion, Carnley requires *71 that it must be shown as a fact that the indigent accused was advised of his right to counsel, and that he in fact waived his constitutional right by intelligently and understandingly rejecting offer of counsel. There is no such factual showing in this case either by the record or by evidence dehors the trial record. Certainly, the mere existence of statutory provisions requiring the assigning of counsel and the informing of an accused of his light to counsel are not proof that this petitioner was in fact offered counsel, and that such offer was rejected. The court’s journal does not reflect that petitioner was advised as to his statutory rights.
The court disbelieves the petitioner’s testimony in this proceeding apparently on the basis that he has slyly waited until after the death of the trial judge and after the decisions of the United States Supreme Court in Carnley and Gideon to seek habeas corpus relief. These reasons are not persuasive in my judgment because until Gideon he could not have known of his constitutional right to counsel, since Betts v. Brady, Warden (1942), 316 U. S., 455, 86 L. Ed., 1595, 62 S. Ct., 1252, had previously denied such a right. The trial judge died approximately five years before Gideon.
Since the record is silent as to whether petitioner was informed of his right to counsel and there is no other evidence that petitioner was offered counsel but there is testimony, even though colored by self-interest, that he was not informed of his rights to counsel, this court in conformity with Carnley cannot reasonably find that the petitioner waived his constitutional right to counsel.
In my opinion, the doctrine of the Carnley case, the Gideon case, and the Doughty case requires that the petitioner must be released from custody.